# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

# 04 10279 PBS

DANIEL ADRIEN )
    Petitioner )
)
v. )
    MAGISTRATE JUDGE )
BRUCE CHADBOURNE )
Bureau of Immigration )
and Customs Enforcement )
    Respondent )

## PETITION FOR HABEAS CORPUS

RECEIPT #_____
AMOUNT $__5_-Cuon_____
SUMMONS ISSUED_NH_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____UM___
DATE__2-10-04_____

Now comes the Petitioner:

1. The Petitioner, Daniel Adrien, is a resident of Massachusetts, and is presently in the custody of the Immigration and Custom Enforcement, at the Suffolk County Corrections (South Bay), Boston, Massachusetts.

2. The Respondent, Bruce Chadbourne, is the Director for the U.S.Immigration and Custom Enforcement, District of Boston.

## JURISDICTION

3. Jurisdiction is granted to this United States District Court pursuant to 28 U.S.C. sec. 2241, a writ of habeas corpus can extend to a prisoner who is in custody "in violation of the constitution or laws or treaties of the United States." 28 U.S.C. sec. 2241(c)(3). Oliva v. INS, 1999 WL 61818 (2nd Cir. 1999).

## SUMMARY OF ISSUE

4. Whether the US Immigration and Custom Enforcement can execute Petitioner on a final order of Removal, where a Motion to Reopen based upon ineffective notice is pending before the Board of Immigration Appeals.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

5. The Petitioner, Daniel A. Adrien is a native and citizen of Haiti. He entered the United States on or about January 17, 1993. The Respondent Applied for Political Asylum in the United States with the Immigration and Naturalization Service. The Case was referred to the Immigration Judge. On February 15, 2000, the Immigration Judge denied Petitioner's application for

Asylum/Withholding of Removal, but granted him relief in the form of Voluntary Departure. As required by the Immigration Judge, the Respondent posted a Voluntary Departure Bond and appealed the Immigration Judge's decision to the BIA.

6. In an attempt to secure legal representation before the Board of Immigration Appeals, the Petitioner spoke with an individual named Jean Robert Baltazar of JRB Consultants and Associates. Jean Robert Baltazer held himself out as an Immigration Attorney in the Hatian Community. (For the purpose of the Motion to Reopen and this Petition for Habeas Corpus Jean Robert Baltazer will be referred as Attorney Baltazar as he represented himself as such to Petitioner and others in the Hatian Community)

7. After several discussions, the Petitioner paid an initial $600.00 retainer to Attorney Baltazer for case review and the filing of his Notice of Appeal along with the Board of Immigration Appeals. Attorney Baltazer received a total of $3,100.00 from the Petitioner in order to prepare Petitioner's Appeal Brief and file a I-130 visa petition on behalf of Petitioner's wife who is a United States Permanent Resident.

8. Attorney Baltazer never informed the Petitioner that he received transcripts from the BIA; Attorney Baltazer never informed the Petitioner that a brief was due; Attorney Batazer never filed a appeal brief; Attorney Baltazer never notified the Petitioner that his Appeal was summarily dismissed by the BIA on May 23, 2001.

9. Attorney Baltazer continued to defraud the Petitioner by continuing to file I- 765 Petition for work authorization, whereby the Petitioner continued to believe that his appeal was still pending.

10. The Petitioner was taken in to custody by the Bureau of Immigration and Custom Enforcement on September 30, 2003.


## ANALYSIS

11. The Petitioner Moves this Honorable Court to grant his request for habeas relief and stay his removal, pending the outcome of his Motion to Reopen, filed with the Board of Immigration Appeals.

12. The Petitioner meets the four part test set forth in Arevalo v. Ashcroft for a judicial stay of removal. Arevalo v. Ashcroft, 344 F3d. 1, 7 (1st Cir. 2003). The Court, in that case, stated that "a petitioner must demonstrate (1) that he is likely to succeed on the merits of his underlying case; (2) that he will suffer irreparable harm absent the stay; (3) that this harm outweighs any potential harm fairly attributable to the granting of the stay; (4) that the stay would not disserve the public interest." Id.

13. Petitioner is likely to succeed on the merits of his claim to reopen his proceedings. Petitioner was not aware of the actions taken by Mr. Baltazer on his behalf. Mr. Baltazer, fraudulently held himself out as an attorney, and defrauded Petitioner as well as numerous others

in the Hatian Community. While perpetuating this fraud on Petitioner, Mr. Baltazer negligently handled the Petitioner's case. Petitioner was misled as to the actions taken on his case and never received any notices from the Board of Immigration Appeals. Petitioner only learned to Mr. Baltazer's mishandling of the case after he was arrested and detained by the USINS.

14. Mr. Baltazer's actions constitute ineffective assistance of Counsel because he was acting as counsel, and purposely concealed from Petitioner the action taken in his name and the status of his case. Petitioner was completely unaware of the actions taken by Mr. Baltazer and, as such, was completely unable to time file his appeal brief.

15. Petitioner would suffer irreparable injury if removed from the United States. Petitioner has filed an application for Asylym and has a well founded fear if returned to Haiti.

16. A balancing of the hardships in this case favor the Petitioner. Petitioner has no criminal history and has not been a burden to society. If his stay of removal is granted, Petitioner presents no potential harm to society or to the Government.

17. The Stay of Removal, would not only disservice the public interest, but is in the public interest. It is in the public interest to see justice done and to have claims before the courts adjudicated on the merits . If Petitioner does not receive a stay of removal, he will be forced to leave his home and return to a place he fears, and possibly, to the death without ever having his claim heard. The Harm wrought by Mr. Batazar's fraud will never be addressed and a precedent will be set denying non-citizens a right to adjudicate on the merits.


Respectfully Submitted,


STEPHEN A. LAGANA, ESQ.    2/9/04
145 Essex Street
Lawrence, MA. 01841
978-794-2331