UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL ADRIEN, )
)
        Petitioner, )
)
v. )
) Civil Action No. 03-10279-PBS
BRUCE CHADBOURNE,[1] )
)
        Respondent. )
)

## RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Respondent Bruce Chadbourne submits this Memorandum in Support of his Motion to Dismiss. The grounds for this motion include Petitioner's failure to state a claim, based on the untimeliness of his motion to reopen his immigration proceedings, and the Court's lack of jurisdiction due to his failure to raise a colorable claim of pure legal error.

---

[1] The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA"). Most of the interior enforcement functions of the former INS were transferred to the Department of Homeland Security ("DHS"), Directorate of Border and Transportation Security, Bureau of Immigration and Customs Enforcement. These changes were effective March 1, 2003. HSA section 1512(c) provides that "pending civil actions shall continue notwithstanding the enactment of this Act or the transfer of an agency to the Department, and in such civil actions, proceedings shall be had, appeals taken, and judgments rendered and enforced in the same manner and with the same effect as if such enactment or transfer had not occurred." In addition, HSA section 1512(d) provides that "[r]eferences relating to an agency that is transferred to the Department in statutes, executive orders, rules, regulations, directives, or delegations of authority that precede such transfer or the effective date of this act shall be deemed to refer, as appropriate, to the Department, to its officers, employees, or agents, or to its corresponding organizational units or functions." As of a DHS restructuring effective June 9, 2003, it is understood at present that the responsive successor official of the Department of Homeland Security in the instant action is Bruce Chadbourne, Interim Field Director for Detention and Removal, Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

Factual Background

Petitioner is a native and citizen of Haiti, who entered the United States on or about January 17, 1993, without any valid entry documents. See Exhibit A, attached hereto (Notice to Appear). On March 30, 1999, Petitioner was served with a Notice to Appear, that charged that he was subject to deportation. Id.

On February 15, 2000, Petitioner, appearing pro se, attended a hearing in front of the Immigration Judge. On that same date, the Immigration Judge denied Petitioner's request for asylum and denied his request for withholding of removal. See Exhibits B (Oral Decision of the Immigration Judge) and C (Order of the Immigration Judge). The Immigration Judge did grant Petitioner voluntary departure. Id.

On or about March 6, 2000, Petitioner through counsel named J.B. Jennings[2] filed a Notice of Appeal and a Notice of Entry of Appearance with the Executive Office for Immigration Review. See Exhibit D. Significantly, on the Notice of Entry of Appearance, Petitioner consented, in writing, to representation by J.B. Jennings (not Jean Robert Baltazard or anyone else). On February 20, 2001, J.B. Jennings was sent a Notice of Briefing Schedule regarding Petitioner's appeal. See Exhibit E.

On May 31, 2001, the Board of Immigration Appeals sent its decision regarding Petitioner's appeal to Petitioner's attorney of record, J.B. Jennings. That decision dismissed his appeal. See Exhibit F. On March 12, 2002, a Warrant of Removal/Deportation issued with

---

[2] Nowhere in the record does there appear a reference to the so-called "Jean Robert Baltazard," who Petitioner alleges provided him with ineffective assistance.

2

respect to Petitioner. See Exhibit G. On September 29, 2003, Petitioner was taken into DHS custody. See Exhibit H.

On February 10, 2004, Petitioner filed a Petition for Habeas Corpus in this Court.

<u>Argument</u>

I. THE PETITION MUST BE DISMISSED BECAUSE THE PETITIONER'S MOTION TO REOPEN TO THE BIA IS UNTIMELY.

The plain language of 8 C.F.R. § 1003.2(c)(2) provides that "a party may file only one motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later."

Petitioner's motion was made well beyond the time constraints set forth by § 1003.2(c)(2). Petitioner's final BIA order was dated May 31, 2001. Petitioner's motion to reopen was not filed until over two years later, and was only filed after he was taken into custody.

Further, the First Circuit has not endorsed any equitable tolling with respect to the time limits for a motion to reopen. See Jobe v. INS, 238 F.3d 96, 100 (1st Cir. 2001) (declining to decide whether equitable tolling applied to 8 U.S.C. §1252b(c)(3)(A)). However, it is clear that equitable tolling is a "sparingly invoked doctrine." Id. As in Jobe, there is nothing in this case that would justify applying any equitable tolling to Petitioner's admitted failure to timely file his motion to reopen. The motion to reopen is untimely and should not act as the basis for any relief in this Court.

3

II.    PETITIONER'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE THE COURT'S SCOPE OF REVIEW IS LIMITED TO COLORABLE CLAIMS OF LEGAL ERROR, WHICH PETITIONER FAILS TO SHOW, THUS DEPRIVING THIS COURT OF JURISDICTION.

Even if this Court does have habeas jurisdiction in immigration matters, its review is limited to colorable claims of legal error, not reviewing issues of fact, or the discretionary decisions of the Immigration Judge. The Petition should be dismissed because Petitioner has made no showing of any colorable claims of legal error.

A.  This Court Is Limited To Reviewing Colorable Claims Of Legal Error.

In INS v. St. Cyr, 533 U.S. 289, 290 (2001), the Supreme Court observed that, "in the immigration context, 'judicial review' and 'habeas corpus' have historically distinct meanings." The scope of a court's habeas review is much narrower than the judicial review normally available on direct appeal from an agency decision. Eugene v. INS, 2003 WL 40509, *2 (D.Mass. 2003). See also Mahadeo v. Reno, 226 F.3d 3, 12 (1st Cir. 2000); Goncalves v. Reno, 144 F.3d 110, 125 (1st Cir. 1998). A court's habeas jurisdiction does not extend to review of discretionary determinations of the IJ and BIA. Eugene, 2003 WL 40509, *2. Instead, a court may only review petitions that are based on "colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated." Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002).

In St. Cyr, the Supreme Court, drew a sharp distinction between review of cases presenting pure law questions, and review of other, fact-bound, or discretionary cases. The Court

recognized that:

> [St. Cyr's] application for a writ of habeas corpus raises a pure question of law. <u>He does not dispute any of the facts</u> that establish his deportability or the conclusion that he is deportable. Nor does he contend that he would have any right to have an unfavorable exercise of the Attorney General's <u>discretion</u> reviewed in a judicial forum. Rather, he contests the Attorney General's conclusion that, as a matter of <u>statutory interpretation</u>, he is not eligible for discretionary relief.

<u>Id.</u> at 298 (emphasis added).

The First Circuit confirmed in <u>Carranza v. INS</u>, 277 F.3d 65, 71 (1st Cir. 2002), its understanding of the Supreme Court's <u>St. Cyr</u> ruling that "[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated." <u>See</u> also <u>Reid v. INS</u>, 203 F.Supp.2d 47 (D. Mass. 2002)(same); <u>Sulaiman v. Attorney General</u>, 212 F.Supp.2d 413, 416 (E.D.Pa. 2002) ("scope of review of [deportation orders] is limited to questions of law."). In <u>Lopez v. Ashcroft</u>, 267 F.Supp. 2d 150, 153 (D. Mass. 2003), Chief Judge Young followed this reasoning in holding that where a "fact-intensive review" of a legal determination "demands an extensive factual inquiry," the district court does not possess habeas jurisdiction.

Several other circuit courts have held that such habeas corpus jurisdiction in the federal courts as may exist to review removal orders does not reach factual or discretionary determinations. <u>See</u> <u>Sol v. INS</u>, 274 F.3d 648, 650 (2d Cir. 2001) (affirming dismissal of a habeas corpus petition seeking to challenge a discretionary determination of the INS rather than a

decision "in violation of the Constitution or laws or treaties of the United States"). The Second Circuit in <u>Sol</u> also observed that several other circuit courts had come to the same conclusion. <u>Id</u>. at 650, <u>citing</u> <u>Finlay v. INS</u>, 210 F.3d 556, 557 (5th Cir. 2000), <u>Bowrin v. USINS</u>, 194 F.3d 483, 490 (4th Cir. 1999), and <u>Catney v. INS</u>, 178 F.3d 190, 195 (3d Cir. 1999). <u>See also</u> <u>Gutierrez-Chavez v. INS</u>, 298 F.3d 824, 827 (9th Cir. 2002) ("[28 U.S.C.] § 2241 does not say that habeas is available to challenge purely discretionary (yet arguably unwise) decisions made by the executive branch that do not involve violations of the Constitution or federal law").

This Court therefore has subject matter jurisdiction over "colorable claims of legal error" or "pure questions of law" relating to a final order of removal in a habeas petition, assuming review is not otherwise barred. However, as detailed below, Petitioner fails to raise any such issue.

B. <u>Petitioner Has Failed To State Any Claim Of Legal Error Because His Claim Of Ineffective Assistance Of Counsel Requires A Factual Inquiry.</u>

Petitioner asserts ineffective assistance of counsel in allegedly negligently handling his BIA appeal. In light of <u>St. Cyr</u> and <u>Carranza</u>, Petitioner's ineffective assistance of counsel allegations clearly present factual issues, and do not constitute "colorable claims of legal error" or "pure questions of law" appropriate for habeas corpus review. Petitioner's claims require a fact-intensive review, which, as illustrated in <u>Lopez</u>, is inappropriate for habeas review. Moreover, in this same context, one federal court determined that a habeas petition, based on a claim of ineffective assistance of counsel, "far exceeds the scope of this Court's jurisdiction over pure questions of law as articulated by the Supreme Court in <u>St. Cyr</u>." <u>Reyna-Guevara v. Pasquarell</u>, 2002 WL 1821619, *5 (W.D. Tex. 2002).

Because Petitioner's ineffective assistance of counsel claim requires a factual inquiry, he has failed to state any claim of legal error and, therefore, his habeas petition must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

C. <u>Petitioner's Claim Lacks Merit And Should Be Dismissed Regardless Of Whether It Raises A Question Of Legal Error Appropriate For Habeas Review.</u>
  1. <u>Petitioner failed to follow the Lozada strictures.</u>

Petitioner's motion to reopen on the basis of ineffective assistance grounds fails facially because it does not satisfy the required elements of such a claim as set forth in <u>In re Lozada</u>, 19 I & N Dec. 637, 639 (BIA 1988), and later endorsed in <u>Hernandez v. Reno</u>, 238 F.3d 50, 56 (1st Cir. 2001)(recognizing that because ineffective assistance claims are easily made and compromise finality, the requirements include an affidavit regarding the agreement with counsel, notice to counsel and a statement that the alleged defect by counsel has been reported to state authorities and, if so, with what result). Earlier this month, in <u>Betouche</u> v. <u>Ashcroft</u>, — F.3d — (1st Cir. 2004), 2004 WL 253401, First Circuit again expressed approval of the BIA's administrative protocol for establishing such claims, set out in <u>Lozada</u>. The First Circuit observed that <u>Lozada</u> "advanced important policy reasons" for its requirements, recognizing that "[s]ince a delay in deportation may itself create a substantial boon to an alien already subject to a final deportation order, there exists a significant prospect that entirely meritless and/or collusive ineffective assistance claims may be filed for purely dilatory purposes." 2004 WL 253401 at *2. The First Circuit was concerned that the Immigration Courts be able to use mechanisms fairly and efficaciously for "screening out, *ab initio*, the numerous groundless and dilatory claims routinely submitted in these cases." <u>Id</u>.

7

In this case, to the extent that Petitioner even suggests compliance with Lozada, his efforts are focused on someone named Jean Robert Baltazard, rather than on his counsel of record in the BIA proceeding, J.B. Jennings. Because he does not even reference Mr. Jennings, let alone set out in affidavit form any agreement he had with Mr. Jennings and efforts he has made to notify Mr. Jennings or report Mr. Jennings regarding his allegedly ineffective assistance, Petitioner has failed to satisfy the requirements of Lozada.

2. Petitioner fails to demonstrate prejudice.

Even accepting the claim that counsel was negligent in handling Petitioner's BIA appeal, the First Circuit has articulated that "attorney negligence creates a constitutional flaw only if it is extreme *and* there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Hernandez, 238 F.3d at 56. Moreover, the First Circuit declared that even if the petitioner had satisfied the Lozada requirements, "he would have had the burden to establish at least a reasonable probability of prejudice resulting from his former attorney's failure to bring a timely appeal from the final deportation order." Betouche, 2004 WL 253401 at n. 8 at *3. In addition, the constitutional right to civil due process "does not include an opportunity to tie up deportation proceedings in knots through collateral attacks on defects that would not plausibly have altered the result." Hernandez, 238 F.3d at 57.

Petitioner has not demonstrated that he would have been granted any relief from the deportation proceeding had he proceeded with some different strategy. He does not articulate any argument that could have been made, was not, and would have led to a different result. Moreover, in Hernandez the court addressed the fact that Hernandez, just like Petitioner, waited

8

for an extended period to challenge the effectiveness of prior counsel. The Hernandez court said it was "hard to stomach" the idea that Hernandez could "sit on his hands" for years and then say he was unconstitutionally denied an opportunity to pursue an appeal from the denial of waiver." Hernandez, 238 F.3d at 57.

The First Circuit has characterized a request for a judicial stay to pursue an untimely motion to reopen at the BIA, in connection with a request to the federal courts to vacate the order, as "not due process but overkill of the kind that has lead Congress increasingly to limit judicial review and to abolish waivers even for those who may fully deserve them." Hernandez, 238 F.3d at 57. In conclusion, Petitioner's claims do not amount to a due process violation for which he is entitled relief.

## Conclusion

WHEREFORE, Respondent respectfully requests that the Court allow his motion to dismiss in its entirety.

Respectfully submitted,

BRUCE CHADBOURNE

By his attorney,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: *[signature]*
Jeremy M. Sternberg
Assistant U.S. Attorney
1 Courthouse Way
Suite 9200
Boston, MA 02210
(617) 748-3142

Certificate of Service
I hereby certify that a true copy of the above document was served upon ~~(each party appearing pro se and)~~ the attorney of record for each. Other party by mail/hand on _____

_____   _____
DATE                         Assistant U.S. Attorney