UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL ADRIEN,
    Petitioner

v.

BRUCE CHADBOURNE
    Respondent

Civil Action No.: 04-10279-PBS

## PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

### FACTS

Petitioner, Daniel A. Adrien, is a native and citizen of Haiti who entered the United States on or about January 17, 1993 and subsequently applied for political asylum and withholding of removal. Petitioner's application was referred to the Immigration Judge, who denied the application on February 15, 2000.

Petitioner then spoke with Jean Robert Baltazer of JRB Consulting who held himself out as an attorney and agreed to represent Petitioner. Petitioner paid a total of $3,100 to Baltazer to appeal the decision of the Immigration Judge (IJ) to the Board of Immigration Appeals (BIA) and to file an I-130 Petition on behalf of Petitioner's Lawful Permanent Resident spouse. A number of individuals at JRB Consulting have signed various filings on behalf of Petitioner and his spouse, but Petitioner has only ever consulted with Baltazer about his case. Petitioner received work authorization based on his pending asylum application in 2000 and has renewed it every year since.

Neither J.R. Baltazer, nor anyone else from JRB Consulting, ever informed Petitioner that they had received the transcript of the record and a briefing schedule from the BIA or that an appeal brief was due to the BIA in support of his appeal. Neither J.R. Baltazer, J.B. Jennings, nor anyone else from JRB Consulting ever filed the necessary appeal brief on Petitioner's behalf. The BIA dismissed Petitioner's appeal for failure to file this brief on May 23, 2001. Notice of the BIA's decision was mailed to JRB Consulting, and Petitioner was never informed of the BIA's decision. Petitioner has consistently been informed since March of 2000 that his appeal

with the BIA is still pending, and only learned that it had been dismissed after he was detained by the Bureau of Immigration and Custom Enforcement on September 30, 2003.

Petitioner subsequently retained new counsel who has filed a Motion to Reopen alleging ineffective assistance of predecessor counsel, which rendered his proceedings fundamentally unfair and prevented him from reasonably presenting his claim, and a Motion for a Stay of Removal with the BIA in December of 2003. The BIA denied Petitioner's Motion for a Stay. Petitioner then filed a Petition for Habeas Corpus with this Court to request a Stay of Removal pending a decision of the BIA on his Motion to Reopen.

Respondent filed a Motion to Dismiss Petitioner's Habeas Corpus Petition on or about March 2, 2004. This opposition to Respondent's Motion to Dismiss follows.

ARGUMENT

Respondent's Motion to Dismiss should be denied because this Court does have habeas corpus jurisdiction to hear Petitioner's claim, and Respondent's further arguments are not properly before this court.

I.  **Petitioner's Habeas Corpus Petition is properly before this court.**

District Courts have jurisdiction to hear habeas corpus petitions challenging deportation orders pursuant to 28 U.S.C. §2241. The U.S. Supreme Court has held as a matter of statutory construction that "habeas jurisdiction under 28 U.S.C. §2241 was not repealed by AEDPA or IIRIRA. INS v St. Cyr, 533 U.S. 289, 314 (2001); see Liu v. INS, 293 F.3d 36, 40 (2d Cir. 2002); Chmakov v. Blackman, 266 F.3d 210, 213-16 (3d Cir. 2001); Arloo v. Ashcroft, 238 F.Supp.2d 381, 387 (D. Mass 2002). "Federal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent that those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated." Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002). The court in Carranza goes on to explain that it is using "colorable claims of legal error" as a term of art to distinguish between claims that an alien has been denied a statutory right to be considered for discretionary relief as opposed to the actual decision of whether to exercise the discretion

sought. Id. at 71-72. In Lopez v. Ashcroft, the court further articulated, through a "fact intensive review" test, the difference between habeas review available for a statutory right and the unavailability of review for exercise of discretion. See Lopez v. Ashcroft, 267 F.Supp. 2d 150, 153 (D. Mass. 2003). In Lopez the court suggested that the need for a fact intensive review further supported the finding that the denial of Lopez's motion to reopen was an exercise of discretion and did not relate to a statutory right. Id.

Petitioner's Habeas Corpus petition is not seeking review of a discretionary decision by the Attorney General. Petitioner is seeking a stay of removal in order to have the BIA decide his Motion to Reopen, preserve his right to appeal that decision, and assert his Fifth Amendment Due Process Right to reasonably present his case. Petitioner's removal while his Motion to Reopen is still pending before the BIA would constitute withdrawal of the petition, preventing the BIA from rendering a decision on the Motion and precluding the Petitioner from ever challenging the order on direct appeal. See 8 C.F.R. §3.2(d). Respondent mis-characterizes Petitioner's claim as seeking a determination on the merits of his ineffective assistance of counsel claim. On the contrary, Petitioner's Habeas Corpus Petition merely seeks a stay of removal so that he may properly pursue his claim before the BIA, and on direct appeal if the BIA denies his claim, rather than being forced to abandon his claim by being removed.

Petitioner's Motion to Reopen alleges that Ineffective Assistance of Counsel precluded him from reasonably presenting his claim, thereby violating his well-settled Fifth Amendment Right. See Lozada v. INS, 857 .2d 10, 13-14 (1st Cir. 1988); Chmakov, 266 F.3d at 216 (3d Cir. 2001). Petitioner's claim is identical to that raised in Chmakov where an ineffective assistance of counsel claim was brought after predecessor counsel failed to file an appeal brief with the BIA and habeas corpus jurisdiction was held to exist. See Chmakov, 266 F.3d at 216. Because Petitioner is seeking a stay of removal pending adjudication of his Motion to Reopen alleging ineffective assistance of counsel violated his Fifth Amendment due process right, his Habeas Corpus Petition is properly before this Court.

## II. Petitioner has made a sufficient showing of timeliness and prima facie eligibility to reopen his proceedings to support his pursuit of Habeas Corpus Relief.

Respondent's remaining arguments go to the merits of Petitioner's Motion to Reopen pending before the BIA, not to the merits of his habeas corpus petition, and are more properly raised in Respondent's opposition before the BIA. To the extent that these arguments relate to present matter, they support a grant of the Petitioner's Habeas Corpus Petition.

### A. Petitioner's Motion to Reopen is not time barred.

Generally, a Motion to Reopen must be filed within 90 days of the date the administrative decision became final. 8 C.F.R. §3.2(c)(2). However, the regulations further provide the BIA with authority to reopen at any time, any case in which it has rendered a decision. 8 C.F.R. §3.2(a). Furthermore, equitable tolling should apply to the 90 day filing deadline to protect an alien's Fifth Amendment right where he could not reasonably be expected to meet the filing deadline due to ineffective assistance of counsel. See Jobe v. INS, 212 F.3d 674, 683 (1st Cir. 2000). In evaluating whether equitable tolling should apply in a specific case, courts should weigh the claimant's (1) lack of actual notice, (2) lack of constructive notice, (3) diligence in pursuit of his rights, (4) the absence of prejudice to the opposing party, and (5) the claimant's reasonableness in remaining ignorant. See Jobe v. INS, 238 F.3d 96, 100 (1st Cir. 2001). Equitable tolling is generally available where a party exercises due diligence. See Id.

In the present case, all five factors weigh in Petitioner's case; he did not know about the deadline or the failure of his attorney to meet that deadline, was fraudulently informed that all the necessary step for his appeal had been taken and reasonably believed that his appeal was still pending until he was detained in September of 2003. Petitioner had no actual notice of the deadline to file his appeal brief or the dismissal of the appeal because these notices were sent to JRB Consulting who did not inform Petitioner. Petitioner had no constructive notice of the status of his appeal, and there was no amount of diligence he could have undertaken to have learned of it. Petitioner reasonably relied on Baltazer's word that his appeal was still pending which was

supported by Petitioner's valid work authorization based on his "asylum pending" status. There would be no prejudice to the government if the 90 day filing deadline were equitably tolled in this case. Petitioner was in regular contact with Baltazer regarding his immigration applications and checking on the status of his appeal. Petitioner did not receive any of the notices mailed by the court regarding his appeal because they were sent to JRB Consulting who never notified Petitioner. Petitioner was fraudulently misled further when his "attorney" applied for and renewed work authorization based on "asylum pending" in 2000, 2001, and 2002 and had submitted another application to renew just before Petitioner was detained in 2003. Petitioner could not reasonably be expected to have complied with the 90 day filing deadline under these circumstances and the equities in this case weigh in favor of tolling the deadline.

### B. Petitioner has complied with the requirements for an Ineffective Assistance of Counsel claim, as specified in Matter of Lozado.

Matter of Lozado, requires that an individual bringing an ineffective assistance of counsel claim (1) present a detailed affidavit explaining his agreement with counsel and what actions were actually taken by counsel (2) notify counsel of the allegations against him, and (3) file a complaint with the appropriate disciplinary authorities, or explain why he has failed to do so. Matter of Lozada, 191 I&N Dec. 637 (BIA 1988). Petitioner has complied with the requirements of Matter of Lozado. Petitioner has submitted his affidavit detailing his agreement with Baltazer, and what actions were taken by Baltazer pursuant to that agreement. After he was detained by Immigration Officials in September of 2003, Petitioner learned that Baltazer is not an attorney. Petitioner has never consulted with any other individuals at JRB Consulting and has never had any agreement with anyone other than Baltazer concerning his case. Because Baltazer is not an attorney, Petitioner cannot file a complaint with an appropriate disciplinary authority, such as the Board of Bar Overseers.

**C. Petitioner was prejudiced by Counsel's Ineffective Assistance because he was denied the opportunity to exhaust his administrative remedies, appeal his case, and utilize voluntary departure.**

Petitioner was prejudiced because Counsel's ineffective assistance has led to the dismissal of his asylum application, a final deportation order, and the loss of his opportunity for Voluntary Departure. If prior counsel had effectively assisted Petitioner, Petitioner would have had the opportunity to exhaust his administrative remedies and seek a direct appeal, and would have had a reasonable opportunity to present his claim in accord with his Fifth Amendment right. Petitioner, through effective assistance of counsel, would have been able to file an appeal brief highlighting facts overlooked in the IJ's decision, and seeking to overturn the IJ's decision for abuse of discretion in denying his asylum application where he had demonstrated both past persecution and a well-founded fear of future persecution.

Additionally, Petitioner was granted voluntary departure by the Immigration Judge, which was reinstated by the BIA when it dismissed his appeal. Petitioner was not informed that his appeal was dismissed or that he had been granted 30 days to voluntarily depart the United States. Because Petitioner was not so informed, he did not depart the United States during that time. As a result, Petitioner is now under a final order of deportation, is subject to the penalties of failing to depart under the grant of voluntary departure, including the possibility of a fine and a 10 year bar from specific forms of relief, and will become subject to additional penalties if he is removed.

## CONCLUSION

For the foregoing reasons, Petitioner, through counsel, respectfully urges this court to deny Respondent's Motion to Dismiss.

Date: 4/19/04

Respectfully Submitted,
Daniel Adrien
the Respondent
By his Attorney

Stephen A. Lagana, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978-794-2331
BBO: 565811

## CERTIFICATE OF SERVICE

I, Stephen A. Lagana, Counsel for the Respondent, hereby certify that on this date I have mailed, by first class mail, a copy of the enclosed Request for Enlargement of Time to:

Michael J. Sullivan, Esq.
Jeremy M. Sternberg, Esq.
Office of Immigration Litigation
Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

Neil Cashman, Esq.
Department of Homeland Security
JFK Federal Building, Room 425
15 New Sudbury street
Boston, MA 02203

_____
Stephen A. Lagana, Esq.

_____
Date

**LAGANA & ASSOCIATES**
ATTORNEYS AT LAW
145 ESSEX STREET
LAWRENCE, MA 01841
TEL. (978) 794-2331
FAX: (978) 794-2441

April 12, 2004

VIA FEDEX

Office of the Docket Clerk
United States District Court
for the District of Massachusetts
1 U.S. Courthouse Way
Boston, MA 02210

RE: Adrien v. Chadbourne  Civil Action No.: 04-10279-PBS

Dear Sir/Madam:

Enclosed for filing, please find Petitioner's Opposition to Respondent's Motion to Dismiss. Copies have been served upon Respondent Counsels as indicated in the Certificate of Service.

Sincerely,

Stephen A. Lagana, Esq.
Lagana & Associates

Enclosures