UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL ADRIEN )<br>Petitioner )<br>)<br>v. )<br>)<br>BRUCE CHADBOURNE )<br>Resondent ) | Civ. No. 04-10279-PBS |

SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Respondent now moves to dismiss this habeas proceeding because the Board of Immigration Appeals ("BIA") denied respondent's motion to reopen the proceeding. The grounds for the BIA decision was that respondent's then counsel failed to comply with the requirements of *In re Lozada* (19 I&N Dec. 637 (BIA 1988) because he had failed to include a copy of a complaint against the attorney filed with the appropriate disciplinary authorities nor proof that he had informed the attorney of the allegations against him.[1] Respondent has now filed a motion for reconsideration with the BIA including the required complaint and notice and also including new information from the disciplinary records of the Florida Bar. (A copy of the motion for reconsideration, Glickman affidavit and supplemental memorandum of law are attached hereto and incorporated into this memorandum.)

These disciplinary records including a 2002 Order of the Florida Supreme Court and Referee Report detail that Attorney Jennings has already been disciplined for conduct almost

---

[1]This is a somewhat curious holding in light of the complaint in the motion to reopen that respondent was misled by JRB Consultants & Associates ("JRB") into hiring individuals who falsely claimed to be attorneys. Thus, there would have been no disciplinary board to which a complaint could be sent. However, the Notice of Appeal was ostensibly submitted by J.B. Jennnings, an attorney with a substantial disciplinary history licensed to practice in Florida.

1

identical to that complained of in this habeas proceeding.[2] In particular, the Florida Supreme Court found that two clients contacted JRB to represent them before the INS and met with Attorney Jennings. Although some documents were filed with the INS under Attorney Jennings name, in truth, the documents were prepared by non-lawyers. Attorney Jennings had simply leant his name to the filings. Attorney Jennings never followed through with the documents and never notified the clients that he had ceased work on their behalf. (See Referee Report at 5-15.)

In this case, Mr. Adrien stated that he contacted JRB and spoke with Robert Balthazar who falsely held himself out as an attorney. (See Referee Report at 8 and Adrien affidavit at 8-12, attached to the respondent's memorandum of law submitted in support of his motion for reconsideration..) JRB filed a Notice of Appeal of the Immigration Court decision with the BIA under the name of Attorney Jennings. (See Notice of Appearance and Briefing Schedule attached to the Government's Memorandum in Support of its Motion to Dismiss in this proceeding.) Attorney Jennings never told Mr. Adrien that he had failed to perfect the appeal; that the appeal had been denied; or that voluntary departure had been reinstated. Instead, JRB affirmatively misled Mr. Adrien into believing that the appeal was pending and further lulled Mr. Adrien into thinking that everything was proceeding apace through its 2001 filing of a family based visa petition and continuing to file to extend respondent's work authorization. (Adrien affidavit at 12-14.) In fact, the INS granted Mr. Adrien work authorization and even renewed the authorization in 2002. (Adrien affidavit at 13.)

Contrary to the Government's argument, this is a particularly meritorious habeas petition

---

[2] Attorney Jennings has three separate disciplinary proceedings. The 2002 proceeding is described in this memorandum. The remaining two proceedings relate to the misuse of client funds.

and one of those rare cases in which the Court should equitably toll the time bars to reopening the removal proceedings and voluntary departure. Jobe v. Immigration and Naturalization Service, 238 F. 3d 96, 100 (1st Cir. 2001.)

The First Circuit has repeatedly held that "equitable tolling" is a 'sparingly' used doctrine. This is that rare case where equitable tolling should be recognized to correct a manifest injustice where petitioner was lied to by JRB whose representatives claimed they were lawyers, and misled by Attorney Jennings, a serial disciplinary violator. Based upon their lies, respondent believed that his appeal was pending and that everything was apace to obtain relief. Buttressing this belief was the fact that Mr. Adrien had received work authorization and that INS had renewed his work authorization. (Adrien affidavit at 13.) In fact, Mr. Adrien acted with diligence in pursuing his rights and is only precluded from relief by the lies and malfeasance of his representatives.

In Jobe, the First Circuit identified five factors that should guide the court in evaluating relief under equitable estoppel: "(1) lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in pursuit of one's rights; (4) an absence of prejudice to the party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit." Id. at 100. In other words, "equitable tolling 'is appropriate only when the circumstances that cause a [party] to miss a filing deadline are out of his hands.'" Id. As presented above, such was the case here. See, also, Khacerian v. Immigration and Naturalization Service, 28 Fed. Appx. 622, 2002 WL 92926(9th Cir. 2002) holding that failure to consult with client prior to withdrawing asylum claim was ineffective assistance of counsel warranting equitable tolling and the reopening of the removal proceeding.) and Iavorski v. United States Immigration and

3

Naturalization Service, 232 F.3d 124 (2000.) holding that ineffective assistance of counsel causing the alien to miss a filing deadline was grounds for equitable tolling. *Id.* at 127.

Mr. Adrien never had notice of his voluntary departure. He was lied to regarding the status of his appeal. JRB's repeated renewals of his work authorization further lulled Mr. Adrien into believing everything was ok. In fact, petitioner did all that he could to protect his rights and comply with the law. He retained what he believed was an attorney to legally and appropriately guide him through the complex immigration laws; he received a family based visa petition and work authorization which were consistent with his so-called lawyers assurances as to his status. But for these misrepresentations, Mr. Adrien would have voluntarily returned to Jamaica and would not now be detained in a correctional facility awaiting departure.

Finally, deportation will have a devastating effect upon Mr. Adrien's wife and small children. See, Beharry v. Reno, 183 F. Supp.2d 584 (EDNY 2002) Under International Law, specifically the Convention on the Rights of the Child, the Government must take into account the extreme hardship to the family in construing eligibility for relief. The Convention on the Rights of the Child requires that "'the family ...should be afforded the necessary protection and assistance' and that 'in all actions concerning children... the best interests of the child shall be the primary consideration.'" *Id.* at 600.

As noted in Hernandez v. Reno, 238 F. 3d. 50, 54-55 (1st Cir. 2000), where the BIA provides an available remedy, the better practice is for the District Court to await the determination of the BIA. In this case, Mr. Adrien has filed a new motion for reconsideration with the BIA and is awaiting a decision on the motion. Accordingly, it is appropriate for this Court to keep the habeas proceeding open and maintain the stay of removal pending the

determination of the BIA.[3] See, Hernandez, supra., at 55.

WHEREFORE, Petitioner requests that this Court deny the motion to dismiss and continue the stay of removal pending the determination of the BIA motion for reconsideration and this petition for habeas corpus.

Dated: April 16, 2004

Respectfully submitted,
Daniel Adrien, by his attorney,

Paul M. Glickman BBO No. 550840
Glickman Turley, LLP
250 Summer Street
Boston, MA 02210
(617) 399-7770

### CERTIFICATE OF SERVICE

Paul M. Glickman certifies that on the 16th day of April 2004 he caused the above document to be hand delivered to AUSA Jeremy M. Sternberg, United States Attorneys Office, Suite 9200, 1 Courthouse Way, Boston, MA 02210.

Paul M. Glickman

---

[3] Should the BIA deny the motion, Mr. Adrien requests permission to supplement this memorandum and request oral argument on the merits of the habeas proceeding.